UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KENNETH HUMPHREY, JR.            )
                                 )
v.                               )         1:05-CV-68/1:02-CR-115
                                 )         Judge Curtis L. Collier
UNITED STATES OF AMERICA         )

**M E M O R A N D U M**

Kenneth Humphrey, Jr., a *pro se* federal prisoner, has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Ct. File No. 1). As a preliminary matter, Petitioner has submitted three additional motions which must be addressed.

**I. OTHER MOTIONS**

In the first motion, Petitioner seeks to supplement his petition (Court File No. 3). His motion is timely and will be **GRANTED**, but only as to the allegations relating to his claim of ineffective assistance of counsel and to his implied claim his guilty plea is invalid, since all other claims have been dismissed by prior order.

A little background will be helpful in understanding the second and third motions. On June 21, 2005, the United States was ordered to respond to the § 2255 petition. No response was filed, and Petitioner sought a default judgment based on the Government's failure to answer his petition. On October 17, 2005, the Court denied a default judgment, but ordered the United States to show cause within ten days for its failure to answer the motion. The Government failed to respond to the

order, much less show cause[1]. Thereafter, Petitioner filed what he labeled as "objections," in which he sought an evidentiary hearing in order to prove his claims (Court File No. 8). In the alternative, he renewed his request for a default judgment, alleging the Government's failure to respond to his petition, after twice being ordered to do so, infringed on his due process rights (*Id.*). In substance, these "objections" are motions and will be treated as such.

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, a court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively a petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). The Court finds no need for an evidentiary hearing in this case and will **DENY** Petitioner's motion for such a hearing (Court File No. 8).

The procedural rules applicable to § 2255 petitions clearly contemplate a timely answer by the United States. *See* Rules 4(b) and 5, Rules Governing Section 2255 Cases. At the same time, Petitioner undeniably has an interest in the prompt disposition of his petition. *See Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir.1994). To protect Petitioner's interest, the Court will consider the merits of Petitioner's motion to vacate, without the benefit of an answer articulating Respondent's position and will dispose of this § 2255 case "as law and justice require." *See* 28

---

[1] The Court finds the government's failure to file a response inexplicable and troubling. In the ordinary case the Court would interpret the government failure to respond an indication of its agreement with Petitioner's position and would simply grant the Petitioner's request. Obviously, in this case that would not be the correct disposition of this case and the Court has the interest of society to consider. But the government's failure to file a response works a hardship upon the Court and the administration of justice. The Court is deprived of the government's position and assistance in disposing of important issues raised by Petitioner. The government is most familiar with the facts of the case and in the absence of the government's response the Court was forced to conduct a more exhaustive examination of the record than would otherwise have been warranted.

U.S.C. § 2243.

Accordingly, Petitioner's motion for a judgment by default will be **DENIED** (Court File No. 8). *See Bleitner*, 15 F.3d at 653 (rather than entering default judgment, ordinarily a court should proceed to merits of a petition, since disposing of a case which lacks merit, generally, will not have caused prejudice); *see also Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984) (even where respondent's disregard of court's orders was inexcusable, a court should reach the merits of petitioner's claims).

## II. MOTION TO VACATE

### A. Standard of Review

This Court must vacate Petitioner's conviction if it finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 434, 428 (1962)). A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 has the burden of proving the grounds for collateral attack by a preponderance of the evidence standard. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). *See also David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) ("The burden is on the petitioner to make out a case for section 2255 relief."); *Lowdermilk v. United States*, 2005 WL 3560640, *2 (E.D.Tenn. Dec. 28, 2005) (slip opinion) (A petitioner has the burden of establishing any claim asserted in the petition.).

## B. Factual Background

On August 27, 2002, a federal grand jury returned a fifteen-count indictment charging Petitioner with various drug- and firearm-related offenses (Court File No. 2 in the criminal case). Subsequently, Petitioner entered into a plea agreement containing a stipulation he had a prior felony conviction (Court File No. 18 in the criminal case). Pursuant to his plea agreement, Petitioner pleaded guilty to and was convicted of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)[Count Two]; felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) [Count Three]; and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) [Count Fourteen]. On February 20, 2004, following a sentencing hearing, he received two concurrent 78-month terms of imprisonment on Counts Three and Fourteen and a 60-month term on Count Two, to be served consecutively to the other counts.[2] Having pleaded guilty, he did not appeal. Instead, this timely motion followed.

As grounds for his § 2255 motion, Petitioner alleges his counsel provided him with ineffective assistance by failing to raise issues as to the legality of his sentence, and in his motion to supplement, by failing to advise him he had an absolute right to jury findings as to the existence and classification of any prior convictions. The Court also broadly construes these *pro se* pleadings as alleging Petitioner's guilty plea was invalid because it was coerced by his attorney.

## C. Discussion

### 1. Ineffective Assistance of Counsel

---

[2]Pursuant to the plea agreement, Counts One, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fifteen were dismissed at sentencing, upon the United States' motion (Court File No. 18 , Plea Agreement at 1, and Court File No. 22, Order of Judgment at 1, in the criminal case).

### a. Governing Principles

A petitioner who alleges a claim of ineffective assistance of counsel must show his attorney's performance was deficient and the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Where a petitioner challenges a guilty plea on this basis, he must establish: 1) the advice he received from counsel in entering the plea was not within the range of competence demanded of attorneys in criminal cases and 2) he was actually prejudiced in his defense because there is a reasonable probability that, without counsel's alleged errors, he would not have pleaded guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985).

In judging an attorney's conduct, a court should view his performance with great deference, engaging in a strong presumption counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id.*, at 691-92. Unless there is a likelihood of a successful defense to the charge, no alleged error by counsel is a basis for relief. *Hill*, 474 U.S. at 59. Indeed, counsel is constitutionally ineffective only if a performance that fell below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

### b. Analysis

During his guilty plea and sentencing proceedings, Petitioner was represented by Rita LaLumia, an attorney with the Federal Public Defender's Service. As an illustration of Ms. LaLumia's alleged ineffective assistance, Petitioner suggests she failed to challenge his "excessive" sentence under the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v.*

*Washington*, 542 U.S. 296 (2004), and, broadly construing his *pro se* pleadings, also under *United States v. Booker*, 125 S.Ct. 738 (2005) and *Shepard v. United States*, 125 S.Ct. 1254 (2005).

More specifically, Petitioner maintains counsel failed to argue the concurrent 78-month sentences he received for the felon-in-possession and heroin convictions are constitutionally flawed under *Apprendi* and *Blakely* because they were based on facts found by a judge and not by a jury upon proof beyond a reasonable doubt. (The judge-found facts allegedly include the existence and felony classification of a prior conviction with respect to the felon-in-possession offense and the quantity of drugs involved in the heroin offense.) He further suggests it was error for counsel not to argue the 60-month mandatory minimum sentence he received for use of a firearm in relation to a drug trafficking offense was also impermissible, given *Booker*'s extension of the holdings in *Apprendi* and *Blakely* to the United States Sentencing Guidelines and the Supreme Court's later holding in *Shepard*.

The logical starting point for addressing these issues begins with *Apprendi*, which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely*, the Supreme Court applied *Apprendi* to Washington state's sentencing law and defined "statutory maximum" as:

> the maximum sentence a judge may *impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. ... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

*Blakely*, 542 U.S. at 303-04 (emphasis in original). The Court noted, however, "[t]he Federal Guidelines are not before us, and we express no opinion on them." *Id.* at 305 n.9. In *Shepard*, the Supreme Court interpreted a federal criminal statute, the Armed Career Criminal Act, 18 U.S.C. § 924(e), and decided the kinds of evidence a court may consider when determining the existence of

prior convictions under state statutes for generic offenses.[3]

Though courts were not unanimous as to *Blakely*'s effect on the Federal Sentencing Guidelines, this Circuit concluded that *Blakely* did not invalidate the Guidelines and that, so long as the sentence did not exceed the maximum penalty set in a statute, *Apprendi* did not apply to sentences imposed under the Guidelines. *See United States v. Koch*, 383 F.3d 436 (6th Cir.2004) (*en banc*), *overruled by Booker*, 125 S.Ct. at 769.

Petitioner was sentenced on February 20, 2004; his judgment was entered thirteen days later (Court File Nos. 20 - 22 in the criminal case). While *Blakely*, decided on June 24, 2004, held *Apprendi* applies to state sentencing schemes and *Booker*, decided on January 12, 2005, held *Apprendi* also applies to federal sentencing guideline determinations, the controlling law at the time of Petitioner's sentence was *Apprendi* **did not** apply to a sentence based on the Guidelines. *See United States v. Lawrence*, 308 F.3d 623, 634-35 (6th Cir.2002); *United States v. Garcia*, 252 F.3d

---

[3] The "ACCA" requires a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. Under the ACCA, burglary constitutes a violent felony only where the offense is committed in a building or enclosed space ("generic burglary"), not in a boat or a motor vehicle. Normally, courts look only at the fact of conviction and the statutory definition in making the generic burglary determination. However, some states have broader definitions of burglary than the ACCA. In such a case, a court may look at the charging document and jury instructions to determine whether the jury necessarily found the elements of generic burglary. The specific question presented in *Shepard* was what evidence a court could consider in determining whether a burglary conviction, pursuant to a guilty plea in a state with a non-generic definition of burglary, supports a conviction for burglary under the ACCA. *Shepard* held that a sentencing court cannot look to police reports or complaint applications in making "generic burglary" determinations under the ACCA, but can consider charging instruments, plea agreements or plea colloquy transcripts, and comparable judicial records. However, contrary to Petitioner's suggestion in his supplemental motion, *Shepard* did not overrule *Almandarez-Torres v. United States*, 523 U.S. 224 (1998), which held that recidivism is a sentencing factor and not an element of the offense. Though dicta in *Shepard* may have intimated recidivism falls within the jury-right rule of *Booker*, this Circuit has not accepted that application. *See United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) (sentencing enhancements based on the nature of prior convictions need not be submitted for jury factfinding and *Apprendi*, *Blakely*, and *Booker* does not say otherwise).

838, 843 (6th Cir.2001). To the extent *Shepard* is even relevant, since Petitioner was not sentenced under the ACCA and the Court did not consider police reports in making any sentencing determinations, the *Shepard* decision was issued on March 5, 2005—more than one year after Petitioner's sentencing.

The Supreme Court has said, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of the challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Petitioner has not demonstrated it was "outside the wide range of professionally competent assistance," *id.*, at 687-88, for counsel not to make an argument based on legal authority that did not exist at the time of his sentence and that, with respect to his *Apprendi* and *Booker* allegations, was contrary to then-governing case law. An attorney's performance is not substandard simply because he failed to foresee the Supreme Court's holding in *Blakely* (i.e. that *Apprendi* applied to Washington state's sentencing scheme), *see United States v. Burgess*, 142 Fed.Appx.232, *240, 2005 WL 1515327, *7 (6th Cir. June 22, 2005), or its holding in *Booker* (i.e., *Apprendi* applies to the United States Sentencing Guidelines). *See Fuller v. United States,* 398 F.3d 644, 650, n. 4 (7th Cir. 2005) (observing an argument counsel was ineffective for failing to anticipate *Blakely* and *Booker* would be ill-founded). And contrary to Petitioner's suggestions, counsel cannot be considered ineffective for failing to forecast the outcome in *Shepard* either.

Petitioner's remaining ineffectiveness claim, as the Court understands it, is that counsel's failure to advise him as to his rights under *Shepard* and the *Apprendi* line of cases coerced him into stipulating to a previous felony conviction and the stipulation, in effect, deprived him of the opportunity to make a knowing and intelligent waiver. If, *arguendo*, the failure to give the

8

suggested advice was professionally unreasonable (which the Court does not find), Petitioner has not alleged any ensuing prejudice. Petitioner maintains he "would not be imprisoned serving a sentence greater than allowed by law" (Court File No. 2 at 2), but does not contend, absent counsel's claimed error, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 56, 59. Certainly, Petitioner has not *shown* prejudice flowing from the stipulation since he offers no evidence to demonstrate he did not have a previous felony conviction.

### 2. Guilty Pleas

#### a. Principles Governing Guilty Pleas

Finally, to the extent these rather confusing allegations can be read as a challenge to the validity of Petitioner's guilty plea to the § 922(g) offense,[4] based on his lack of knowledge of his right to have a jury determine the existence of his prior conviction, the law that applies to this type of claim is found in *Boykin v. Alabama*, 395 U.S. 238 (1969). Before accepting a guilty plea, a court is required to determine whether a defendant understands he is waiving his right to a trial by jury, his right to confront the witnesses against him, and his privilege against self-incrimination. *Id.* at 243-44. "A guilty plea . . . cannot be truly voluntary if the defendant 'has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'" *See Marshall v. Lonberger*, 459 U.S. 422, 431 (1983) (quoting *Henderson v. Morgan*, 426 U.S. 637, 645

---

[4] Petitioner's prior convictions are significant for two reasons. Petitioner's prior felony conviction was an element in his § 922(g) offense, whereas his previous convictions were used in making a criminal history determination and in sentencing him for his other offenses. Absent a stipulation or acceptance of a prior felony conviction by a defendant pleading guilty to a § 922(g) offense, the existence of such a conviction must be found by a jury; but a previous conviction used in setting punishment may be judicially determined. The Court deduces Petitioner, by referring to the *stipulation to a prior conviction*, means to challenge only his § 922(g) conviction and not the use of his previous state convictions to establish the appropriate punishment for his two other federal offenses.

9

n.13 (1976)). *See also Bradshaw v. Stumpf*, 125 S.Ct. 2398, 2405 (2005) (guilty plea invalid where defendant was unaware of the nature of the charges against him, including the elements).

By the same token, a plea is not voluntary if it is induced by threatened physical harm or by mental coercion overbearing the will of the defendant. *Brady v. United States*, 397 U.S. 742, 750 (1979). *See also Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A plea of guilty, if induced by promises or threats that deprive it of the character of a voluntary act, is void."); *Ray v. Rose*, 491 F.2d 285, 290 (6th Cir. 1974) ("If the allegations are correct, petitioner's counsel . . . deliberately misled and coerced him. It is inconceivable to us how a plea entered under these circumstances could be either intelligent or voluntary.)

### b. Analysis

During the plea colloquy, the Court painstakingly advised Petitioner as to every element of each offense with which he was charged, including the § 922(g) offense and explained to him his full panoply of rights, specifically informing him of his right to a jury trial (Plea Hrg. Transcript, pp. 4-5, 7-10 in the criminal case). When asked if he understood to what he was pleading guilty and the rights he was waiving thereby, Petitioner said he did (*Id.*, p.5, 9-10). He also denied anyone had threatened or forced him in any way to plead guilty (*Id.*, p.5). It is well-settled law a defendant's declarations in open court bear a strong presumption of truth. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The record shows Petitioner was aware of the elements of all charges, including the felon-in-possession charge under § 922(g), and knew he had a right to have a jury try those charges. Any claim to the contrary is clearly refuted by the record. Therefore, the Court finds Petitioner's guilty plea to possession of a firearm after having been convicted of a felony offense (i.e., one which

10

carries a sentence exceeding one year) was not coerced in the manner alleged but was voluntary and knowing.

**D. Certificate of Appealability**

The Court must now consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has individually assessed Petitioner's claims under the relevant standards and finds those claims do not deserve to proceed further because they have no viability in light of the governing law and jurists of reason would not conclude the disposition of those claims was debatable or wrong. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

**E. Conclusion**

For the reasons indicated above, Petitioner's § 2255 motion to vacate, set aside or correct his sentence will be **DENIED** and this action will be **DISMISSED**. The Court will **FIND** any appeal from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

An appropriate order will follow.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

12